UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD A. OWEN,<br><br>                  Plaintiff,<br>    v.<br><br>HACKETT LAW FIRM, LLC, et al.,<br><br>                  Defendants. | CASE NO. C18-5760 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE AND DISMISSING PLAINTIFF'S CLAIMS FOR LACK OF JURISDICTION |

This matter comes before the Court on Defendants Ryan Hackett ("Hackett"), Hackett Law Firm, LLC ("Firm"), Paula Stegemeier ("Stegemeier"), and Rosemary Zook's ("Zook") (collectively "Defendants") motion to dismiss or transfer venue. Dkt. 7.

On September 19, 2018, Plaintiff Ronald Owen ("Owen") filed a complaint against Defendants asserting five claims for relief based on Defendants' alleged violations of federal criminal laws. Dkt. 1. Hackett, an attorney with the Firm, represented Stegemeier and Zook in a bankruptcy proceeding initiated by the debtor Owen. *Id.* The current complaint alleges that Defendants violated various criminal statutes as well as various provisions of the bankruptcy code during that proceeding. *Id.*

| 1 | On October 10, 2018, Defendants filed a motion to dismiss arguing that Owen's
| 2 | claims should be dismissed for four separate reasons or, in the alternative, the Court
| 3 | should transfer the case to the District of Oregon where the bankruptcy proceeding
| 4 | occurred. Dkt. 7. Owen failed to respond.

Upon review of the motion, the Court finds that it lacks jurisdiction over the claims in the complaint and dismisses the complaint. First, the Court considers Owen's failure to respond as an admission that the motion has merit. Local Rules W.D. Wash. LCR 7(b)(2).

Second, claims based on misconduct in a bankruptcy matter "should [be] brought in the bankruptcy court itself, and not as a separate action in the district court." *MSR Expl., Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 916 (9th Cir. 1996). "The Bankruptcy Code and Rules set forth the avenue for objecting to an improper or unenforceable claim and provides an array of remedies to redress misuse of the bankruptcy process." *Chantel v. Federated Rural Elec. Ins. Exch. Inc.*, CV-16-03310-PHX-SPL, 2017 WL 5957910, at *3 (D. Ariz. Jan. 30, 2017).

In this case, Owen's claims are based on Defendants' alleged misuse of the bankruptcy process. As such, Owen should bring the claims in the underlying bankruptcy matter and this Court is without jurisdiction to hear the claims. Therefore, the Court grants Defendants' motion to dismiss.

Furthermore, the jurisdictional deficiencies in the complaint cannot be cured by alleging other additional facts. Therefore, any opportunity to amend would be futile, and the complaint will be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d

1122, 1127 (9th 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss or transfer venue, Dkt. 7, is **GRANTED in part** and **DENIED as moot in part**. Owen's claims are dismissed for lack of jurisdiction. The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 14th day of January, 2019.

BENJAMIN H. SETTLE
United States District Judge